IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON J. SAPP, | No. C 13-04549 YGR (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al., | |
| Defendants. | |

**BACKGROUND**

Plaintiff, a prisoner currently incarcerated at California State Prison - Lancaster, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Plaintiff raised the same allegations -- stemming from an incident in 2002 -- in another prior prisoner complaint filed in this Court. *See* Case No. C 11-5120 PJH (PR). Plaintiff contends that Defendants, mostly law enforcement officers, conspired to kill him. Compl. at 3. Plaintiff claims that on February 27, 2002, Defendants "took it upon themselves to hunt [him] down outside their jurisdiction . . . ." *Id.* He asserts that Defendants shot him "40 times causing the paralyzation of [his] left hand and the amputation of [his] left leg." *Id.*

Plaintiff's prior complaint, Case No. C 11-5120 PJH (PR), was filed on October 19, 2011 -- more than nine years after the incident. (Docket No. 1 in Case No. C 11-5120 PJH (PR).) The Honorable Phyllis J. Hamilton informed Plaintiff that the applicable statute of limitations was four years, and he was ordered to show cause why his case should not be dismissed as untimely. (Docket No. 4 in Case No. C 11-5120 PJH (PR).) In his response, Plaintiff claimed that he was mentally incompetent until August 2011, and unable to understand the need to timely file his complaint. (Docket No. 9 in Case No. C 11-5120 PJH (PR).) Plaintiff, therefore, sought tolling due to his mental impairment. *Id.* However, Judge Hamilton found that Plaintiff's claims were contradicted by the records of lawsuits he has filed, stating:

> Plaintiff had a previous lawsuit in this court involving the medical care he received after the shooting. It was settled and judgments dismissing the claims with prejudice were entered. *See Sapp v. County of Alameda*, No. C 03-1066 PJH (Aug. 29, 2006; Dec. 21, 2006). Though, plaintiff was represented by counsel in that case. Plaintiff, proceeding *pro se* filed another case on April 9, 2008. *See Sapp v. San Francisco Police Department*, No. C 08-1903 PJH. That complaint concerned the same allegations of excessive force raised in this complaint and was dismissed without prejudice for failure to file a complete *in forma pauperis application*. A review of plaintiff's complaint, amended complaint and many letters written in 2008, severely contradict his contention that he was mentally incompetent for the past ten years and demonstrate that he was quite able to file lawsuits.

(Docket No. 10 in Case No. C 11-5120 PJH (PR) at 2.) Judge Hamilton then dismissed Plaintiff's prior action as untimely, and entered judgment against Plaintiff. (*Id.*; Docket No. 11 in Case No. C 11-5120 PJH (PR) at 2.)

## DISCUSSION

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative *in forma pauperis* complaint may be considered abusive and dismissed under 28 U.S.C. § 1915).

Because Plaintiff raised and litigated the same allegations and claims raised herein in Case No. C 11-5120 PJH (PR), the instant complaint is deemed duplicative and abusive under § 1915A. That Plaintiff adds additional Defendants in this later-filed action does not compel a different result. *See Bailey*, 846 F.2d at 1021 (complaint repeating same allegations asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States,* 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

2

1   The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

2   IT IS SO ORDERED.

3   DATED: April 11, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**